# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 19-03103-01-CR-S-SRB |
| JULIA M. LAWRENCE, | ) ) ) |
| Defendant. | ) |

## DEFENDANT'S MOTION TO SUPPRESS EVIDENCE

COMES NOW Defendant by her attorney of record and hereby moves the Court to suppress as evidence all items of alleged contraband seized from a warrantless and nonconsensual search of the defendant's vehicle and her person on May 29, 2019.

### SUPPORTING SUGGESTIONS

1. On May 29, 2019, Springfield police officers Schlup and Tauai made a traffic stop of defendant Lawrence's vehicle in Springfield. Defendant's vehicle was being operated by Brian Blackard and Defendant Lawrence was a front seat passenger. Officer Schlup alleged that the vehicle was paced at approximately 40 mph in a 30 mph speed zone.

2. Once the emergency equipment on the unmarked police vehicle was activated, the vehicle turned into a parking lot so that defendant's vehicle would not be a dangerous impediment to cars traveling on the street and stopped the car.

3. Both defendant Lawrence and Mr. Blackard produced Missouri identification documents as requested by Officer Schlup.

4. The driver, Brian Blackard, exited the vehicle at the officer's request. Mr. Blackard informed the officer that he had a firearm in a holster on his right ankle and another one on his driver's side floorboard. Those two firearms were secured

from the exact positions they were said to be at. Mr. Blackard was not a felon and the guns were not stolen, as verified by a check at the scene.

5. Mr. Blackard had been requested out of the vehicle so that Officer Schlup could speak with him. Once Mr. Blackard exited the vehicle to converse with the Officer, he was detained in handcuffs. Defendant Lawrence was told to exit the vehicle and detained in the custody of Officer Tauai.

6. Conversation with defendant Lawrence was initiated while she was detained in her vehicle securing her Missouri identification documents and then after she was ordered out of the car and detained personally by Officer Tauai.

7. Conversation during this period of detention had absolutely no connection to the reason for the traffic stop nor did it further the process of completion of the traffic stop.

8. Detention of the defendant, who was a passenger in her car, was totally unrelated to the traffic stop either during her interview outside her car or in answer to officer requests while she was in her car.

9. Once defendant Lawrence was ordered out of the car, the inquiry of her related to multiple requests for consent to search her vehicle. Consent to search was refused.

10. Both officers very quickly abandoned the very simple task of issuing Brian Blackard a speeding ticket. They directed their total attention to an expansive line of questioning of defendant Lawrence concerning whether she had a criminal record. Defendant Lawrence, upon answering this line of questions, was then pressed as to whether she would consent to a search of her vehicle.

11. Defendant Lawrence refused the requests for consent to search, which resulted in her continued detention to allow the Officer to request the canine unit to bring a

dog for a search of defendant Lawrence's vehicle. The utilization of police dispatch to locate a canine unit was clearly nothing other than investigative efforts totally unrelated to Brian Blackard's traffic stop, but at the same time clearly extended the detention of defendant Lawrence without any efforts directed toward the simple task of issuing Brian Blackard a speeding ticket.

LEGAL ANALYSIS:

12. Analysis begins with the issue of whether defendant Lawrence was seized within the meaning of the Fourth Amendment. It is undisputed under the law that any vehicle stop, even for a license check, is a seizure within the Fourth Amendment, Delaware v Prouse, 440 U.S. 648 (1976), even if the purpose of the stop is limited and the detention quite brief. Berkemer v McCarthy, 468 U.S. 420 (1984). Indeed, a person cannot be detained even momentarily without reasonable objective grounds for doing so. Florida v Royer, 460 U.S. 491 (1983).

13. The instant case involves the warrantless, non-consensual search of the defendant's vehicle and her person. As a general principle of Fourth Amendment law, subject only to a very few well delineated exceptions, warrantless searches and seizures are deemed per se unreasonable. Coolidge v N.H. 403 U.S. 443 (1971).

14. In the instant case, the stop of defendant's vehicle was a routine traffic stop involving a minor speeding violation of 40 mph in a 30 mph zone. There is some importance to note that defendant Lawrence was a passenger in her vehicle and thus, the routine speeding stop was not based on any violations by her.

15. The Supreme Court in Arizona v Johnson, 555 U.S. 323, 330 (2009), held that a routine traffic stop is more like a brief stop under Terry v Ohio, 392 U.S. 1 (1968)

16. The tolerable duration of a routine minor traffic stop is determined by the officer's

"mission" which is solely to address the traffic violation that warranted the stop. <u>Illinois v Caballes</u>, 543 U.S. 405, 407 (2005).

17. The authority for the seizure ends when tasks tied to the traffic violation are, or "reasonably should have been completed." A dog sniff search is "NOT" fairly characterized as part of the officer's traffic mission. <u>Rodrigues v U.S.</u>, 135 S. Ct. 1609 (2015). Thus, a traffic stop becomes unlawful if it is prolonged beyond the time required to complete the mission, which in the instant case, was nothing more than issuing a traffic ticket or a warning.

18. In the instant case, continued detention of the defendant, who was merely a passenger in her vehicle which was stopped for a minor speeding offense, was based upon investigative questioning totally unrelated to the traffic stop. Indeed, the multiple questions of the defendant included numerous requests by one of the officers seeking her consent to search her vehicle. Defendant Lawrence refused consent for a search of her vehicle. The officers based solely on defendant's refusal, continued her detention and sought a canine officer through police dispatch to come to the scene to conduct a dog sniff search.

19. It is important to note that detention of defendant Lawrence was not in any fashion a part of the officer's traffic mission but was in fact nothing more than an investigative tool into other possible crimes. The continued detention for a canine officer to be secured clearly is a detour from the traffic-control mission.

20. The critical question is not whether the dog sniff search occurs before or after the officer issues a ticket, but whether securing the canine to come adds time to the stop. It is clear that the questions asked of defendant Lawrence as well as the attempts to secure consent to search her car all did add time to the stop.

Defendant suggests that the holdings in <u>Rodriguez v U.S.</u>, 135 S. Ct. 1609 (2015)

presents the court with clear precedents that the canine search was unlawful and that the search of the vehicle and the seizure of contraband must be suppressed.

21. The unlawful seizure of contraband from defendant's vehicle was the sole basis for her arrest and the search of her person incident to said unlawful arrest. Search incident to a "valid" arrest is one of the exceptions to the general rule that warrantless search and seizures are per se unreasonable, but said exception mandates a "valid arrest." The instant case involves the warrantless unlawful search of defendant's vehicle and seizure of contraband based on said illegal search. The invalid arrest of the defendant clearly shows the contemporaneous search of her person incident to said arrest mandates the suppression of said contraband seized from defendant Lawrence's person.

WHEREFORE, defendant respectfully moves the Court to suppress as evidence all items of contraband seized from the warrantless search of defendant's vehicle and her person.

/s/Donald R. Cooley
Donald R. Cooley
Missouri Bar No. 21172
901 East St. Louis, Suite 1600
Springfield, MO 65806
(417) 831-3139

## CERTIFICATE OF SERVICE

I hereby certify that the filing of this Motion on the CM/ECF computer system, which also delivers copies of the same to all counsel of record, was performed on this 26th day of June, 2020.

/s/Donald R. Cooley
**Donald R. Cooley**